Edmond MCCLINTON, Appellant,

v.

ARKANSAS DEPARTMENT OF COR-
RECTION; Johnathan Pickering,
CO–I, Grimes Unit, ADC; Raylinia
Ramsey, CO–II, Grimes Unit, ADC;
Danny Burl, Warden, Arkansas De-
partment of Correction; Joe Nolen,
Major, Arkansas Department of Cor-
rection, Appellees.

No. 05–2498.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 7, 2006.

Decided Feb. 9, 2006.

Edmond McClinton, Arkansas Depart-
ment of Correction Varner Unit, Grady,
AR, pro se.

John Kevin Coker, Renae Ford Malone,
Attorney General's Office, Little Rock,
AR, for Defendants-Appellees.

Before RILEY, MAGILL, and
GRUENDER, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

Arkansas state prisoner Edmond
McClinton appeals the district court's[1] ad-
verse grant of summary judgment in his
42 U.S.C. § 1983 action against the Arkan-
sas Department of Correction (ADC) and
several prison officials. We affirm.

In January 2004, defendant Sergeant
Raylinia Ramsey ordered defendant Offi-
cer Johnathan Pickering to confiscate per-
sonal property and legal materials con-
tained in a laundry bag tied to the bed in
McClinton's jail cell. Two months later,
Warden Danny Burl and Major Joe Nolen
confiscated personal property from
McClinton's cell, including religious and
legal materials, pursuant to a February 22,
2004 ADC mandate, which allowed inmates
to have in their cells only personal proper-
ty that would fit inside available storage
boxes, with an exception for two pairs of
shoes and a coat. Any property not stored
accordingly was to be confiscated, and in-
mates would have an opportunity to send
excess personal property home or to fami-
ly within 45 days (which McClinton author-
ized prison officials to do). McClinton al-
leged that the confiscations violated his
due process rights, that they were in retal-
iation for filing a previous lawsuit, and that
confiscation of his legal papers hindered
his ability to pursue his claims in a pend-
ing federal lawsuit, thus violating his First
Amendment right of access to the courts.

The district court properly granted sum-
mary judgment. See Kasper v. Federated
Mut. Ins. Co., 425 F.3d 496, 502 (8th Cir.
2005) (standard of review). McClinton
failed to make any showing that the ADC
mandate was not reasonably related to a
legitimate penological interest, see Turner
v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254,
96 L.Ed.2d 64 (1987), and any contention
that defendants failed to follow prison poli-
cy does not by itself state a claim, see
Kennedy v. Blankenship, 100 F.3d 640,
643 (8th Cir.1996). McClinton also did not
offer evidence that state post-deprivation
remedies were inadequate, see Hudson v.

1. The Honorable H. David Young, United
States Magistrate Judge for the Eastern Dis-
trict of Arkansas, to whom the case was re-
ferred for final disposition by consent of the
parties pursuant to 28 U.S.C. § 636(c).

*Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (unauthorized intentional deprivation of prisoners' property by state employee does not constitute violation of due process if meaningful postdeprivation remedy for loss is available), and in the face of defendants' evidence showing why the confiscations occurred, McClinton cannot rely on his conclusory allegation that the confiscations were in retaliation for a lawsuit he had filed, *see Hugh Chalmers Motors, Inc. v. Toyota Motor Sales U.S.A., Inc.*, 184 F.3d 761, 763 (8th Cir. 1999) (conclusory allegations are insufficient to avoid summary judgment), *cert. denied*, 528 U.S. 1156, 120 S.Ct. 1162, 145 L.Ed.2d 1073 (2000).

Finally, we agree with the district court that McClinton's First Amendment access-to-courts claim also fails for lack of a showing that the removal of his legal papers caused him "actual injury." *See Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (to prevail on access-to-courts claim, inmate must show actual injury by demonstrating that prison shortcomings hindered efforts to pursue legal claim).

Accordingly, we affirm the judgment of the district court.